**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2474-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN MOLINA,

     Defendant-Appellant.

_____

Argued December 5, 2023 – Decided December 12, 2023

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. MA-21-13.

Kevin Thomas Flood argued the cause for appellant.

Lauren Heidi Fox, Assistant Prosecutor, argued the cause for respondent (John P. McDonald, Somerset County Prosecutor, attorney; Lauren Heidi Fox, of counsel and on the brief).

PER CURIAM

Following a trial de novo on the record in the Law Division, the trial judge found defendant John Molina guilty of the petty disorderly offense of disorderly conduct under N.J.S.A. 2C:33-2(a)(1), and ordered him to pay a $300 fine and appropriate costs and surcharges. We affirm.

At approximately 10:44 p.m. on December 10, 2019, Officer Morrison of the Bound Brook Police Department responded to a bar in response to a call. When Morrison arrived, the bar owner told him that defendant had refused to pay his bar tab. According to Morrison, defendant smelled of alcohol, appeared intoxicated, was unsteady, had slurred speech, and his eyes were bloodshot and watery. Morrison told defendant "that he needed to pay [the tab] or he'd be charged with theft."

As the conversation continued, defendant pulled out a cell phone and "put it directly smack up to [Morrison's] face . . . about an inch from his face directly in front of his eyes and nose." Morrison testified that the phone impeded his vision and his investigation, and could have been used as a weapon given defendant's intoxicated state. Morrison attempted to move the phone away from his face, and defendant smacked Morrison's hand.

At that point, Morrison "took [defendant] immediately right to the ground" in order to protect himself and nearby bar patrons. Defendant refused to place

his arms behind his back so he could be handcuffed.  Morrison and his partner, Officer Jimenez, used a "normal arm bar" to work defendant's hands behind his back in order to secure him.

The officers escorted defendant out of the bar.  Morrison stated that defendant was "continually being agitated.  He's yelling.  He's refusing to get in the back of my car.  He's putting his . . . feet on the side of the [patrol] car refusing to get in."  By that time, a third officer had arrived in the parking lot and that officer assisted Morrison and Jimenez by helping to pull defendant into the back of the car.

Morrison later served a summons and complaint on defendant charging him with violating N.J.S.A. 2C:33-2(a).  In pertinent part, that statute states:

> A person is guilty of a petty disorderly offense, if with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof he
>
> (1)  Engages in fighting or threatening, or in violent or tumultuous behavior; or
>
> (2)  Creates a hazardous or physically dangerous condition by any act which serves no legitimate purpose of the actor.

The complaint asserted that defendant violated N.J.S.A. 2C:33-2(a) "specifically by yelling and refusing officer's orders to leave the area."[1]

At the municipal court hearing, defendant denied the allegations against him. He admitted there was a dispute over the amount of the bar tab, but claimed the police simply asked him to go outside to discuss and he complied. Morrison told defendant he had to pay the tab or he would be arrested. Defendant testified that he and Morrison began walking back inside the bar, but Morrison "pull[ed] on [defendant's] back." Defendant then "grabbed [his] phone to start record[ing]" and Morrison "took [him] to the floor with his arm on [defendant's] chest." Therefore, defendant asserted he "got arrested without reason."

Defendant's friend, who was drinking at the bar with defendant that night, testified on his behalf. He stated he saw defendant arguing with Morrison. When defendant began recording the officer, the witness stated the police threw defendant to the floor and then took him to the patrol car.

---

[1] Morrison also charged defendant with violating Bound Brook Municipal Ordinance 3-7.5, which prohibits an individual from interfering with, obstructing, or hindering a police officer in the performance of his or her duty.

After considering all of the evidence submitted during the trial,[2] the municipal court judge determined that Morrison was credible and defendant was not. Based upon defendant's conduct on the night in question, the judge found that he violated N.J.S.A. 2C:33-2(a) and the Bound Brook municipal ordinance.

Following his de novo review in the Law Division, the trial judge rendered a thoughtful written decision, accepted the municipal court judge's credibility findings, and found defendant guilty of disorderly conduct under N.J.S.A. 2C:33-2(a).[3] The judge stated:

> This court finds that the defendant's behavior and actions constitute the offense of disorderly conduct. A person commits the offense of disorderly conduct if, with the purpose to cause public inconvenience,

[2] After the municipal court proceedings had concluded, defendant sent a subpoena to the Bound Brook Police Department "for certain records that were referred to during trial," but not produced at that proceeding. Specifically, defendant sought a copy of any policies or directives setting forth standard operating procedures for the use of video or audio recording devices by police officer during incidents like the one involved in this case. The Department's attorney advised defendant's attorney that the subpoena was improper. Defendant sought to supplement the record before the Law Division with these policies, but never supplied them to the court. Rule 3:23-8(a)(2) clearly states that "a trial de novo" is to be conducted "on the record below." In addition, the Law Division "may permit the record to be supplemented for the limited purpose of correcting a legal error in the proceedings below." Ibid. Because that exception did not apply in this case, the trial judge correctly denied defendant's motion to supplement the record.

[3] The judge dismissed the municipal ordinance violation charge after finding that the ordinance was preempted by N.J.S.A. 2C:33-2(a)(1).

5

annoyance or alarm, or recklessly creating a risk thereof, he (1) engages in fighting or threatening, or violent or tumultuous behavior, or (2) creates a hazardous or physically dangerous condition by any act that serves no legitimate purpose of the actor.  N.J.S.A. 2C:33-2[(a)].  The court notes that although defendant was intoxicated at the time, his level of voluntary intoxication did not rise to a prostration of faculties that negates a necessary mental state (i.e. purposeful conduct).  See N.J.S.A. 2C:2-8; State v. Cameron, 104 N.J. 42 (1986).

Here, defendant acted purposely.  He did what he intended to do.  He became agitated and aggressive when the police arrived and confronted him about the bar tab.  He was intoxicated.  This led to the defendant placing his cell phone in the officer's face, swatting his hand, and struggling against the arrest.  Defendant continued his aggressive and violent behavior out to the street as the officers tried to get him into the patrol car.  He would not enter the patrol car voluntarily and acted out by kicking and pushing his feet.

To be clear, the court does not find that the activity of the defendant in recording the officer and placing his cell phone in the officer's face to be disorderly conduct because it is not charged as such in the complaint.  The court finds defendant guilty of disorderly conduct based on his post-arrest behavior in yelling, refusing to enter the patrol vehicle, and violently using his feet to push back against the police as they tried to get him into the vehicle.  While the complaint is not a model of clarity, the allegations are sufficient to place defendant on notice of the substance of the disorderly conduct charge against him.

6

In a subsequent written amplification of his decision, the trial judge also addressed defendant's argument, raised for the first time in the trial de novo, "that the municipal [court] judge had an intolerable conflict of interest because at some point in the past the municipal court judge served as counsel for . . . Branchburg Township [and its] Police Department while sitting as a municipal court judge." Defendant supplied a copy of a brief the judge had filed in that matter in his role as the Township's and the Department's attorney in support of a motion to dismiss several counts of a complaint a police officer employed by the Township had filed under New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 to -50. Even though that matter did not involve defendant, Bound Brook, the Bound Brook Police Department, or any of the officers involved in the present matter, defendant argued that the judge's representation of any police department in his capacity as private attorney created the appearance of a conflict which barred him from presiding over any case concerning any police officers.

Citing Rule 3:23-8(a), the trial judge found that because defendant failed to raise this contention in the first instance before the municipal court, either at the original trial or in a motion for post-conviction relief, he was barred from doing so at the trial de novo. This appeal followed.

A-2474-21

On appeal, defendant raises the following contentions:

I. A Judgment Of Acquittal Must Be Entered On [Defendant's] Conviction For Disorderly Conduct Since The Complaint Failed To Provide The Essential/Proper Facts Supporting The Arrest For Disorderly Conduct And Thus Failed To Provide [Defendant] With Proper Notice Depriving Him Of Due Process And Exposing A Very Obvious And Exceptional Showing Of Error.

II. The Law Division, By Convicting [Defendant] Of Disorderly Conduct Based Upon Post-Arrest Conduct Acknowledges That [Defendant's] Arrest For Disorderly Conduct Was False and/or Unlawful, And Consequently Created A New Charge Against [Defendant] Without Proper Notice Thereby Depriving [Defendant] Of His Due Process Rights Thereby Exposing A Very Obvious and Exceptional Showing Of Error Requiring A Judgment Of Acquittal On The Disorderly Conduct Charge.

III. [Defendant's] Conviction For Disorderly Conduct Must Be Dismissed As There Is No Evidence [Defendant] Acted With Purpose As The Law Division Judge Specifically Found [Defendant] Guilty Of Disorderly Conduct Based Upon Post Arrest Conduct, Yet Found [Defendant] Acted Purposeful Based Upon Pre[-]Arrest Conduct, Again, Defying The Record That Clearly Indicates [Defendant] Was Not Acting Disorderly Pre-Arrest.

IV. The Law Division Applied The Wrong Standard Of Review Regarding Credibility Assessments By The Municipal Court Judge.

8

V. Even If The Court Is Not Permitted To Expand The Record On A Trial De Novo Pursuant [To] R. 3:23-8(a)(2), That Rule, Along With The Relaxation Rule 1:1-2, Allows The Law Division Judge To Reverse And Remand The Matter For A New Trial.

    A. [The Municipal Court Judge's] Representation Of The Branchburg Police Department While He Was A Municipal Judge, And Prior To Hearing This Trial Wherein He Convicted Defendant, Requires This Court To Either: 1) Enter a Judgment Of Acquittal On The Disorderly Conduct Charge, Or 2) Remand And Order A New Trial Before A Different Judge.

    B. Supreme Court's Concerns Regarding Municipal Courts.

    C. Evidence Of [The Municipal Court Judge's] Judicial Bias Exceedingly In Favor Of Law Enforcement Requiring His Credibility Findings To Be Disregarded.

VI. In the Alternative, The Court Should: 1) Enter A Judgment Of Acquittal On The Disorderly Conduct Charge Based Upon The Discovery Violation By The Bound Brook Police Department For Refusing To Comply With A Subpoena For Discovery Regarding Policies Relative To Audio/Video Evidence; Or 2), Order A New Trial And Remand The Matter To Be Heard Before A New Judge And Compel The Bound Brook Police Department To Produce The Policies Demanded By [Defendant] Prior To Trial To Be Used For Impeachment Purposes.

9

We have reviewed these contentions in light of the record and the applicable law and conclude they are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth in the trial judge's written opinion and his subsequent written amplification. We add the following brief comments.

When the Law Division conducts a trial de novo on the record developed in the municipal court, "[o]ur review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005) (citing State v. Johnson, 42 N.J. 146, 161-62 (1964)). Because the Law Division judge is not in a position to judge the credibility of witnesses, he or she should defer to the credibility findings of the municipal court judge. Ibid. (citing State v. Locurto, 157 N.J. 463, 474 (1999)).

Furthermore, when the Law Division agrees with the municipal court, the two-court rule must be considered. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Reece, 222 N.J. 154, 166 (2015) (quoting Locurto, 157 N.J. at 474).

Having considered defendant's contentions concerning the sufficiency of the evidence in light of the record and the applicable legal principles, we discern no basis to disturb the findings and conclusions contained in the trial court's opinion. His analysis of all of the issues, including his deference to the municipal court judge's credibility findings and his procedural rulings during the de novo proceedings, was comprehensive and correct.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11